Phillip DeFelice (#6020)
LAW OFFICE OF PHILLIP DEFELICE
220 3rd Avenue Suite 405
P.O. Box 941
Havre, MT 59501-0941
Telephone: (406) 265-5294
E-mail: *phillipdefelice@yahoo.com*

Michael J. Ferrigno, *pro hac vice*
LAW OFFICE OF
MICHAEL J FERRIGNO, PLLC
3152 S. Bown Way, Suite 105
Boise, Idaho 83706
Phone: 208-391-3969
*michael.ferrigno@ferrigno-law.com*

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re YELLOWSTONE MOUNTAIN CLUB, LLC, | Case No. 08-61570-11-RBK <br><br> Adversary Proceeding: 09-00064 |
| BRIAN A. GLASSER, SUCCESSOR TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDAITNG TRUST, <br><br> Plaintiff, <br> vs. <br><br> TIMOTHY L. BLIXSETH, *et al.* <br><br> Defendants. | No. 2:13-cv-00068 <br><br> **DEFENDANTS' SUPPLEMENTAL STATEMENT OF POSITION PURSUANT TO COURT'S JUNE 22, 2015 ORDER [DOC. 191]** |

1

Defendants, by and through counsel, hereby file their statement of position pertaining to the YCLT's Motion for Further Orders in Respect of Defendants' Contempt and Orders to Show Cause Under Federal Rule of Civil Procedure 65 and this Court's Inherent Contempt Power (Doc. 170) and Defendants' Petition for the Immediate Release of Timothy L. Blixseth from Custody (Doc. 177).

I. **Defendants renew their arguments against the YCLT's Motion for Further Orders in Respect of Defendants' Contempt and Orders to Show Cause Under Federal Rule of Civil Procedure 65 and this Court's Inherent Contempt Power**

The Defendants' position regarding the YCLT's motion for further contempt and Orders to Show Cause is reflected in the Defendants' Response to YCLT's Motion for further contempt and orders to show cause (Doc. 175). In sum, the YCLT has failed to show that any of the third parties identified in the YCLT's motion violated the court's order by clear and convincing evidence and the YCLT's motion should be denied.

II. **Defendants' Petition for the Immediate Release of Timothy L. Blixseth from Custody should be granted forthwith**

The Defendants' position is that Mr. Blixseth has complied with the Court's orders to account for the sale of the Tamarindo Hotel and Resort. Mr. Blixseth has provided all the documents that he knows to be responsive that he had in his possession, custody and control, regarding the sale and use of the proceeds from the sale of Tamarindo Hotel. Doc. 178 at ¶ 7. After reviewing the accounting, he swore

under penalty of perjury that the accounting attached to his declaration accounts in full for the sale of the Tamarindo Hotel and Resort. Doc. 178 at ¶ 6. Blixseth has never refused to testify or produce documents as Ordered and has done his best to comply with the Court's orders to account. Doc. 178 at ¶ 2. In sum, Mr. Blixseth has undertaken all that he can to comply with the Court's orders to account for the sale of Tamarindo. *See* Doc. 178 at ¶¶ 2-7.

The YCLT's main argument against the Defendants' Petition for Immediate Release is a hearsay objection to the documents relied upon by Mr. Blixseth and the analysis provided by the accounting firm retained by Mr. Blixseth's wife, Jessica Blixseth. However, the YCLT is wrong in two material regards. First, Mr. Blixseth's accounting is based largely upon business records (i.e., bank statements, invoices, etc.) that were kept by various companies and fall under the business records exception. Fed. R. Evid. 803.

Second, under Federal Rule of Evidence 801(d)(2), adoption or use of hearsay statements (or documents) by the opposing party renders those statements as nonhearsay. *See Lear Automotive Dearborn, Inc. v. Johnson Controls, Inc.*, 789 F. Supp. 2d 777, 780 (E.D. Mich. 2011)( "[A]doption by use," under which a party's use of or reliance on the hearsay statement of another may constitute an "adoption" of the statement's truth within the meaning of Fed.R.Evid. 801(d)(2)(B) . . . the party must actually make use of the hearsay in a manner that "manifest[s] a belief in [its]

trustworthiness," or otherwise reflects the party's incorporation of the substance of the hearsay into a statement that the party itself either made or authorized.").

Here, at the same time the YCLT is asserting that the Court cannot rely upon these documents because they are hearsay, its proposed course of action is based upon "the information gleaned from [Blixseth's] accounting to date." Doc. 171, p. 7. The "information" is inextricably linked to various business records and bank statements provided by Blixseth. But for the YCLT relying upon the business records provided in Blixseth's accounting, it would be impossible for the YCLT to attempt to link the sale of the Tamarindo Hotel to Jessica Blixseth, various Blixseth-controlled companies, Michael J. Flynn, Philip H. Stillman and Christopher J. Conant. The YCLT is relying upon the very documents it dismisses as hearsay to seek further contempt and show cause orders. Its use or reliance upon Blixseth's accounting as the basis for its motion "manifest[s] a belief in [its] trustworthiness." *See Lear Automotive Dearborn, Inc.*, 789 F. Supp. 2d at 780. As in *Lear,* it would be difficult to see how the YCLT can turn around and object to the business records filed by Blixseth that he is using to seek his release when the YCLT is relying upon those same documents in support of its Motion for further contempt and show cause orders. *See Lear Automotive Dearborn, Inc.*, 789 F. Supp. 2d at 785 ("it is difficult to see how JCI can then turn around and object that the very same aspect of the very

same data is [*sic*] too inaccurate and untrustworthy to support an element of Lear's case-in-chief."). Therefore, its hearsay objection is waived.

Moreover, the statements made in the YCLT's pleadings before this court may be admissions against it. 12 Fed. Proc., L. Ed. § 33.385 (2015)("Statements by a party's attorney may be admissible against the party as admissions, if the statements are within the scope of representation, that is, if the attorney has "speaking authority" as implied by the attorney-client relationship."). Here, the YCLT's motion admits that Blixseth's accounting appears to show that he fully dissipated the proceeds of the sale of Tamarindo. *See* Doc. 171, p. 12-13 ("Blixseth's accounting appears to show that Blixseth fully dissipated the Tamarindo sale proceeds over a period of less than ten months"). Therefore, the YCLT's admission that Blixseth's accounting shows the dissipation of the Tamarindo proceeds waives any hearsay objection to the underlying documents or even its objection to the Defendants' Petition for Mr. Blixseth's release.

Therefore, the YCLT's hearsay challenge is waived by its own use of Blixseth's accounting and the copious amount of business records provided to the Court as well as by positions the YCLT has taken in its pleadings.

The Defendants reiterate that given the production of the revised and updated accounting, Mr. Blixseth has complied with the Court's order pertaining to the accounting of the sale of Tamarindo. Therefore, Mr. Blixseth has purged himself of

contempt. The Defendants request the Court immediately direct the U.S. Marshals to release Mr. Blixseth from custody forthwith. However, if the Court believes that Mr. Blixseth has not complied with its orders to account, the Defendants request that given the limited access to information available to Mr. Blixseth from his jail cell, the Court modify the incarceration order to house arrest at Blixseth's residence in Medina, Washington.

Date: June 26, 2015            Respectfully submitted

*/s/Michael J. Ferrigno*
Michael J. Ferrigno
LAW OFFICE OF
MICHAEL J FERRIGNO, PLLC
3152 S. Bown Way, Suite 105
Boise, Idaho 83706
Phone: 208-391-3969
*michael.ferrigno@ferrigno-law.com*

Attorney for Defendants Timothy L. Blixseth, Casa 20 LLC, and Tamarindo LLC

## **CERTIFICATE OF SERVICE**

      I, Michael J. Ferrigno, hereby certify under penalty of perjury that on the 26th day of June, 2015, copies of the above document were served electronically by ECF notice to all persons/entities requesting special notice or otherwise entitled to same and that in addition, I hereby certify that I have mailed or served the document to the following non-ECF participants in the manner indicated by the non-participant's name:

      No manual recipients.

                              */s/Michael J. Ferrigno*
                              Michael J. Ferrigno

## **CERTIFICATE OF COMPLIANCE**

   Pursuant to Local Rule 7.1(d)(2) of the Federal Rules of Civil Procedure, I certify that this brief, excluding the caption, certificate of service, and certificate of compliance, complies with the word limit of not more than 6500 words, containing 1074 words according to word count calculated by Microsoft Word 2010 for Windows.

            */s/Michael J. Ferrigno*
            Michael J. Ferrigno