Phillip DeFelice (#6020)
LAW OFFICE OF
PHILLIP DEFELICE
220 3rd Avenue Suite 405
P.O. Box 941
Havre, MT 59501-0941
Telephone: (406) 265-5294
E-mail: *phillipdefelice@yahoo.com*

Michael J. Ferrigno, *pro hac vice*
LAW OFFICE OF
MICHAEL J FERRIGNO, PLLC
1225 N. Main St.,
Meridian, ID 83642
Telephone: 208-391-3969
*michael.ferrigno@ferrigno-law.com*

Paul Brain, *pro hac vice*
BRAIN LAW FIRM, PLLC
1119 Pacific Avenue, Suite 1200
Tacoma, Washington 98402
Telephone: (253) 327-1019
*pbrain@paulbrainlaw.com*

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re YELLOWSTONE MOUNTAIN CLUB, LLC, | Case No. 08-61570-11-RBK<br><br>Adversary Proceeding: 09-00064 |
| BRIAN A. GLASSER, SUCCESSOR TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDAITNG TRUST,<br><br>Plaintiff,<br>vs.<br><br>TIMOTHY L. BLIXSETH, CASA 20 LLC, TAMARINDO, LLC<br><br>Defendants. | No. 2:13-cv-00068<br><br>**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Counsel for Defendant Timothy L. Blixseth hereby files his proposed findings of fact and conclusions of law.

## Proposed Findings of Fact

1. Plaintiff Yellowstone Club Liquidating Trust ("YCLT") elected not to present any case-in-chief and rested its case without affirmatively presenting any evidence.

2. In light of the Stipulation of the parties regarding deposition testimony of Salvador Palomino, Fausto Verde, Benjamin Rosen, the records authenticated by Fausto Verde, Salvador Palomino and Patrick Ratte, being Trial Exhibits 1-46, 53, 60 through 81, are admitted into evidence as business records. No issue of material fact exists with respect to the character of or contents of the business records.

3. The accounting analysis performed by Cameron Keller, CPA, which incorporates the attached Sections 1 through 25, (the "Keller Accounting") is based upon Trial Exhs. 1-46, 53, 60 through 81 and the documents further identified in his expert report dated October 14, 2015 and introduced as Exhibit 83.

4. The Keller Accounting adequately traces the sources and uses of the funds acquired from the sale of the Tamarindo Hotel and Resort, including the sales price, hold-backs and all bank transfers related to the funds related to the sale of Tamarindo Hotel and Resort.

5. The Keller Accounting contains "pinpoint" citations to the records filed in this court, by reference to Excerpt of Record ("ER") numbers at the bottom of each page. In addition, the Keller Accounting provides pinpoint citations to relevant bank statement to further cross-reference the sources and uses of funds.

6. The Keller Accounting organizes the business records in a comprehensive way and sets forth all money from the purchase of Tamarindo received by Timothy Blixseth or any entity in which he had an interest and ultimate disposition of funds, including the transfer of proceeds of the sale to other parties by date, name, category/purpose and amount, with pinpoint cross-references to the ER.

7. The Keller Accounting organizes and identifies each intercompany and banking institution transfer of the proceeds of the Tamarindo Resort, denoting payor/payee, date, amount, bank account and purpose, all with pinpoint citations to the ER.

8. The Keller Accounting separately categorizes the funds used by Tamarindo Resorts, Hospitality Services and Casa 18 for the payment of taxes, employee severances, and operating/vendor expenses with pinpoint citations to the ER.

9. The Keller Accounting traces all of the funds derived from the sale of the Tamarindo Hotel and Resort transferred by Blixseth-related companies in

Mexico to the Blixseth-related companies in the United States, by payor/payee, date, amount, bank account, all with pinpoint citations to the ER.

10. The Keller Accounting traces all the sources and uses of the funds related to the sale of the Tamarindo Hotel and Resort transferred to the Blixseth-related companies in America, by payor/payee, date, amount and purposes, bank account, all with pinpoint citations to the ER.

11. The Keller Accounting also relies upon personal bank account of Timothy L. Blixseth and his wife, Jessica Blixseth.

12. Viewed in conjunction with the testimony offered at the hearing on October 19, 2015, the Keller Accounting adequately addresses the issues raised in this Court's Order of April 20, 2015 (Doc. 159) and the various orders incorporated into the April 20th Order.

### Conclusions of Law

13. The standard of proof applicable to this case is "clear and convincing" evidence.

14. YCLT failed to present any evidence that Blixseth had not purged the contempt of the April 20, 2015 Order.

15. However, even disregarding YCLT's lack of any evidence and its burden of proof, The Court finds that Blixseth has substantially complied with this Court's April 20, 2015 Order.

16. The Court also finds that any further incarceration lacks any coercive function, as Blixseth has done all that he can reasonably do to comply with this Court's April 20, 2015 Order.

17. The Court has previously determined on February 4, 2014 that entry of a default judgment is the appropriate remedy for Blixseth's contempt, and such judgment is hereby entered in the amount of $13,820,139.84.

On the basis of the foregoing, this Court concludes:

a. The conditions specified by this Court in its Order of 4/20/2015 (DKT 159), have been satisfied.

b. Timothy L. Blixseth has therefore purged his civil contempt of this Court's April 20, 2015 Order requiring, among other things, a full and complete accounting of the sale of the Tamarindo Hotel and Resort, and there is no further remedial or coercive purpose to his continued incarceration.

c. Blixseth is therefore ordered released from custody of the U.S. Marshal immediately.

d. By separate document, the Court hereby enters final judgment in this case in accordance with its February 4, 2014 Order in the amount of $13,820,139.84.

Dated this 14th day of October 2015

                                                        */s/ Paul Brain*
                                                       Paul Brain, *pro hac vice*
                                                       BRAIN LAW FIRM, PLLC
                                                       1119 Pacific Avenue, Suite 1200
                                                       Tacoma, Washington 98402
                                                       Telephone: (253) 327-1019
                                                       *pbrain@paulbrainlaw.com*

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on October 14, 2015 or as soon as possible thereafter, copies of the foregoing motion was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users: None.

*/s/ Paul Brain*
Paul Brain, *pro hac vice*
BRAIN LAW FIRM, PLLC
1119 Pacific Avenue, Suite 1200
Tacoma, Washington 98402
Telephone: (253) 327-1019
*pbrain@paulbrainlaw.com*